UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **MIDLAND FUNDING LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:13CV177 ACL |
| | ) |
| **SHARON JACKSON,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This action is before the Court on Plaintiff Midland Funding LLC's Motion to Reconsider. [Doc. 12] Midland requests that the Court reconsider its Order [Doc. 11] wherein this Court found it does not possess subject matter jurisdiction over this case and remanded the matter to state court.

## I. Background

On September 26, 2013, Midland filed a Petition on Account Stated Pursuant to Chapter 517 [Doc. 1-4] in the Circuit Court of Butler County, Missouri against Defendant Sharon Jackson, seeking roughly $1,474.11 due on a credit card account, plus interest and court costs. On November 5, 2013, Defendant Jackson filed a Counter Petition for Damages [Doc. 1-1] alleging that Midland violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 ("FDCPA"), by engaging in false, deceptive, and misleading debt collection practices that resulted in Defendant Jackson suffering statutory damages in excess of $25,000. On December 2, 2013, Midland voluntarily dismissed its claims against Defendant Jackson.

Two days later, on December 4, 2013, Midland removed the state court action to this

Court [Doc. 1], asserting jurisdiction on the basis that the suit involves a federal question, 28 U.S.C. §§ 1331, 1441(b), in that Jackson's counterclaim arises under the FDCPA.

Later, on December 20, 2013, Midland filed a Motion to Realign the Parties [Doc. 7], in which Midland requested that the Court realign the parties by denominating Defendant Jackson as the Plaintiff and Midland as the Defendant. Midland admitted that Jackson is the only denominated Defendant from the original action and that no claims exist against Jackson. Id. at ¶ 7.

On May 19, 2014, the Court, *sua sponte*, found that it lacked jurisdiction over this matter, because subject matter jurisdiction cannot be based on a counterclaim. The Court remanded the matter to state court.

## II. Discussion

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. Fed.R.Civ.P. 59(e). See also United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Metro. St. Louis Sewer Dist., 440 F.3d at 933 (internal quotes omitted). The purpose of Rule 59 is to allow the district court "the power to rectify its own mistakes in the period immediately following the entry of judgment." Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (quoting White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982)). A Rule 59(e) motion to alter or amend the judgment must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." Bannister v. Armontrout, 807 F. Supp. 516, 556 (W.D.

Mo. 1991), aff'd, 4 F.3d 1434 (8th Cir. 1993).

In its Motion to Reconsider, Midland argues that the December 4, 2013 removal of this action was proper and that this Court has jurisdiction over the matter. Midland, the original Plaintiff, contends that jurisdiction arises "from the fact that Plaintiff has essentially become the Defendant in this action and is therefore within its rights to exercise removal powers." [Doc. 12 at p. 4]

The Eighth Circuit has held that for purposes of applying the federal removal statute, the parties' alignment is determined as of the time the original complaint is filed, not at the time of removal. Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 871 (8th Cir. 1966). Furthermore, "[a]ny party or *the court may, at any time*, raise the issue of subject matter jurisdiction." GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004) (emphasis added). It is well-established law that a plaintiff cannot remove an action to federal court on the basis that a counterclaim permits removal. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

In remanding this case to state court, this Court relied on Gen. Credit Acceptance Co., LLC v. Deaver, No. 4:13CV00524ERW, 2013 WL 2420392 at *4 (E.D. Mo. June 3, 2013)(unpublished). Deaver held that a plaintiff, "who chose to commence the action in state court, cannot later remove to federal court, even when the counterclaim forming the basis for removal is the remaining claim in the action." "[I]t is axiomatic that a plaintiff may not remove an action to federal court." La Chemise Lacoste v. Alligator Co., Inc., 506 F.2d 339, 343 n. 4 (3d Cir. 1974).

3

Midland contends that a Western District of Missouri case, Hickman v. Alpine Asset Mgmt. Group, LLC, 919 F. Supp.2d 1038, 1041 (W.D. Mo. January 29, 2013), should be the controlling case in this matter, not Deaver. The Court disagrees. In Hickman, at the time of removal the plaintiff had dismissed its claims against the defendant (Hickman) in state court, and the only remaining claim was the defendant's FDCPA counterclaim. Id. at 1040. Relying on Eleventh Circuit law, the Hickman Court held that jurisdictional facts are assessed on the basis of the plaintiff's complaint at the time of removal. Id. at 1043. The Hickman Court found that removal was proper at a time when the original plaintiff had no claims against the defendant (Hickman) and the only claims remaining were the defendant's FDCPA claims, Id., which is identical to the situation in the instant case. Hickman, however, is distinguishable from the instant action. Hickman did not oppose the removal until *after* summary judgment was granted in favor of the plaintiff, which is a very important difference. The Court in Deaver highlighted that distinguishable fact and stated, "unlike the court's grant of summary judgment in Hickman, this Court has not disposed of the case on its merits." Deaver, 2013 WL 2420392 at *3. In addition, there is a Western District of Missouri decision wherein the district court declined to follow Hickman and characterized Hickman as "unique and distinguishable," because "the debtor in Hickman never opposed removal" and the debtor did not file the motion to remand until "after the...grant of summary judgment, when the case was effectively over." Steeby v. Discover Bank, No. 5:13CV6038DGK, 2013 WL 5881659, * 4 (W.D. Mo. Nov. 1, 2013)(also noting that Hickman was based on Eleventh Circuit case law).

In this case, as in Deaver, the Court has not disposed of the Plaintiff's (Midland's) claims on the merits. Thus, the Court declines to depart from the Eighth Circuit rule that a

4

plaintiff/crossdefendant cannot remove an action to federal court. Plaintiff Midland's Motion to Reconsider will be denied.

Midland next requests that, if the Court denies the Motion to Reconsider, the Court grant it "28 days to realign the parties in state court pursuant to Fed.R.Civ.P. Rule 59(e)." [Doc. 12 at p. 7] Midland's request is unclear. To the extent Midland seeks leave to realign the parties in state court and then remove this action a second time, Midland's request will be denied. The characterization of the parties for the purposes of the federal removal statute is determined by reference to federal law, not state law or a state court's decision to realign the parties. See Shamrock, 313 U.S. at 104. "The question of realignment, involving jurisdiction, must be tested at the time of filing of the complaint." Wagner, 367 F.2d at 871 (citations omitted). In testing realignment, the Supreme Court has said, ". . .the proper course is not to try out the issues presented by the charges of wrongdoing but to determine the issue of antagonism on the face of the pleadings and by the nature of the controversy." Smith v. Sperling, 354 U.S. 91, 96 (1957). Any subsequent state court realignment of the parties in this matter for the purpose of creating federal jurisdiction would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider [Doc. 12] be **denied**.

Dated this 19th day June, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE